IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,877-01






EX PARTE FELIPE RAMOS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W01-76238-M(A) IN THE 194
TH JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated sexual
assault of a child and received eight years' deferred adjudication community supervision. His guilt
was later adjudicated and he was sentenced to twenty years' imprisonment. The Eighth Court of
Appeals affirmed his conviction. Ramos v. State, No. 08-05-00037- CR (Tex. App. - El Paso, April
6, 2006, pet ref'd.). 

 Applicant contends that his plea was involuntary because he did not understand English, and
did not understand the consequences of deferred adjudication. Applicant alleges that he believed that
he was pleading in exchange for probation, and that his counsel did not inform him of the nature and
consequences of the plea. 

 The trial court has entered findings of fact and conclusions of law pertaining to the
effectiveness of counsel and the voluntariness of Applicant's plea at adjudication. However, the trial
court did not make findings with respect to Applicant's original counsel and plea.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's original plea counsel with the opportunity to respond to Applicant's claim
of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant's
counsel at his original plea was fluent in Spanish, and if not, whether Applicant was provided with
an interpreter during the plea proceedings. The trial court shall make findings as to whether
Applicant was properly admonished as to the nature of the charges, the rights he was waiving, and
the consequences of his plea. The trial court shall make findings specifically as to whether Applicant
was aware that he was pleading in exchange for deferred adjudication community supervision, as
opposed to a probated sentence. The trial court shall make findings as to whether Applicant was
admonished as to the potential consequences of an adjudication. The trial court shall supplement
the habeas records with copies of any plea documents or written admonishments not included in the
original habeas record. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 21, 2007

Do not publish